■ Victor Munoz et al., Plaintiffs, v Hilton Hotels Corporation et al., Defendants. (And Third-Party and Fourth-Party

Actions.) SUNSTONE 42ND STREET, LLC, et al., Fifth-Party Plaintiffs-Respondents, v SUNSTONE HOTEL PROPERTIES, INC., Fifth-Party Defendant-Appellant, et al., Fifth-Party Defendants. (And Other Actions.) [932 NYS2d 63]—

Under controlling Maryland precedent (*Mass Tr. Admin. v CSX Transp., Inc.*, 349 Md 299, 309-310, 708 A2d 298, 303-304 [1998]), the contract's indemnification provision unequivocally provides that respondent hotel owner is to indemnify appellant hotel manager for all acts arising from appellant's performance of the contract. However, Maryland law also provides that in construing a contract relating to the construction, repair, or maintenance of a building or structure, an indemnification provision is void and unenforceable as against public policy if it would operate to indemnify a party for liability for damages proximately caused by that party's sole negligence (Md Code Ann, Cts & Jud Proc § 5-401 [a]; *Heat & Power Corp. v Air Prods. & Chems., Inc.*, 320 Md 584, 592-593, 578 A2d 1202, 1206 [1990]). Since we note, upon review of the record, that a triable issue of fact remains as to whether appellant's sole negligence was the proximate cause of plaintiff's injuries, denial of summary judgment was proper (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Concur—Sweeny, J.P., Moskowitz, DeGrasse, Freedman and Richter, JJ. **[Prior Case History: 2010 NY Slip Op 31988(U).]**